IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ABRAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPCS COMMUNICATIONS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 13-02878 JSW<br><br>**ORDER TO SHOW CAUSE REGARDING JURISDICTION** |

      The Court has an independent obligation to determine whether it has jurisdiction to hear this matter. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that the district court has an independent obligation to determine subject matter jurisdiction). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

      In his first amended complaint ("FAC"), plaintiff George Abrams ("Plaintiff") alleges subject matter jurisdiction exists based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1331(d)(2), and based on diversity jurisdiction pursuant to 28 U.S.C. section 1332(a). (FAC, ¶¶ 3, 4.) However, based on Plaintiff's allegations, it is not clear that the requisite amount in controversy is satisfied. Due to the fact that Plaintiff alleges defendants Metropcs Communications, Inc., Metropcs Wireless, Inc., and T-Mobile US, Inc. (collectively,

"Defendants") failed to provide him with three days of service, it is unlikely that the amount in controversy is equal to or exceeds $75,000 for his individual claims.  Moreover, any members of a purported class would be limited to those customers who opted out of the arbitration agreement *and* paid their bill late, but no more that thirty days late.  The Court, thus, has concerns that the amount in controversy for the purported class would be equal to or exceed $5,000,000.  However, the Court notes that Defendants are the ones that have the information on potential class members.  Therefore, the Court HEREBY ORDERS Plaintiff to Show Cause in writing by no later than March 14, 2014, that subject matter jurisdiction exists.  Plaintiff shall conduct discovery to determine the number of individuals who may be members of the purported class.  The Court FURTHER ORDERS that the hearing on Defendants' motion to dismiss is CONTINUED to March 28, 2014 at 9:00 a.m. and that the case management conference is CONTINUED to April 25, 2014 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: January 6, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2